UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL GEORGE RAYFORD,<br>    Plaintiff,<br>    v.<br>R. MOJICA, et al.,<br>    Defendants. | Case No.  14-2421-VC (PR)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

Raphael George Rayford, an inmate at Salinas Valley State Prison proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officers and employees of the prison. Rayford has filed a motion for leave to proceed in forma pauperis, which is granted in a separate order. The Court now addresses the claims asserted in Rayford's complaint.

**DISCUSSION**

**I.    Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to identify any cognizable claims and dismiss any that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the

deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II.   Rayford's Allegations

The crux of Rayford's complaint is that he has filed grievances, but they are not getting processed. The grievances pertain to a July 21, 2013 incident in which Rayford was pepper-sprayed and, to cover up their illegal use of force, the officers who were involved filed two false rules violation reports against Rayford, including one that alleged Rayford committed arson. The complaint alleges Defendants R. Mojica, E. Medina and C. Martella, who are associated with the appeals process at Rayford's prison, did not allow him to exhaust his administrative remedies for this grievance or file a civil rights action against the individuals involved.

## III.   Rayford's Claims

Based on these allegations, Rayford asserts the following claims: (1) First Amendment violation based on lack of access to the courts; (2) due process violation for not being able to appeal a conviction; (3) retaliation; and (4) equal protection.

Although Rayford alleges that defendants prevented him from filing his civil rights complaint regarding the assault and arson incidents, the Court notes that, on March 21, 2014, Rayford filed in this Court a civil rights case, *Rayford v. Medina, et al.,* case number C 14-1318 VC (PR), against the individuals involved in those incidents and, on June 5, 2014, the Court issued an Order of Service in that case. *See* doc. no. 7, case no. C 14-1318 VC (PR). In its Order of Service, the Court served the following claims: (1) an Eighth Amendment excessive force claim against defendants Medina, Carmona, Brown and Tomasian; (2) an Eighth Amendment claim against Sanchez and Chase for knowing about the defendants' unconstitutional behavior and doing nothing to prevent it; (3) a First Amendment retaliation claim against Medina for abusing Rayford in retaliation for filing a complaint; and (4) a due process claim against Salazar for denying

1 Rayford his due process rights at a disciplinary hearing.  In the earlier-filed case, Rayford asserted a claim based on lack of access to the courts, which the Court dismissed with leave to amend because the complaint contained no allegations to support such a claim.  Apparently, instead of filing an amended complaint remedying this deficiency, Rayford filed this new complaint asserting claims based on lack of access to the courts.

The Court finds no harm in Rayford's filing this new complaint instead of submitting an amended complaint in the earlier-filed case.  However, the allegations in this complaint do not state a claim for relief.  As mentioned above, the crux of Rayford's complaint is that the defendants did not allow him to file grievances or a complaint in the assault incident and its alleged cover up.  But, Rayford has filed such complaint.  Therefore, the allegations provide no basis for the claims asserted.  Furthermore, there is no constitutional right to a prison administrative appeal or grievance system; consequently, a prison official's failure to process grievances is not actionable under section 1983.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that the prisoner's claimed loss of liberty interest in processing of administrative appeals does not violate due process because prisoners lack separate constitutional entitlement to specific prison grievance system).  Thus, the lawsuit is dismissed.  Dismissal is without leave to amend because amendment would be futile.  However, dismissal under section 1915A(a) is without prejudice to filing a paid complaint.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is dismissed without leave to amend but without prejudice to filing a paid complaint.

2. The Clerk of the Court shall enter separate judgment and close the file.

**IT IS SO ORDERED.**

Dated:   July 3, 2014

_____
VINCE CHHABRIA
United States District Judge

3